UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUAN ANH PHAM, et al.,<br>  Plaintiffs,<br>  v.<br>MARGARITA AGUILERA,<br>  Defendant. | Case No. 16-cv-04060 NC<br><br>**ORDER TO SHOW CAUSE RE: FEDERAL JURISDICTION** |

Defendant Margarita Aguilera filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. The complaint is not attached, but it appears that in the underlying complaint, plaintiffs brought a limited action for unlawful detainer, which arises exclusively out of state law. Accordingly, defendant must show cause in writing why removal is proper by August 5, 2016. The state court complaint must also be submitted to the Court. Also by August 5, 2016, the parties must consent or decline to the jurisdiction of a United States Magistrate Judge, by submitting the form attached.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the

1  Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil
2  actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is
3  between citizens of different states," 28 U.S.C. § 1332(a).

4  In the absence of diversity jurisdiction, removal to federal court is only proper when
5  "a federal question is presented on the face of the plaintiff's properly pleaded complaint."
6  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Federal jurisdiction cannot be
7  predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon
8  an actual or anticipated counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  A
9  federal court may dismiss an action on its own motion if it finds that it lacks subject matter
10 jurisdiction over the action.  *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also*
11 Fed. R. Civ. P. 12(h)(3).

12 Aguilera states that the unlawful detainer action deprived her of rights under federal
13 law.  This is insufficient as a basis for removal because federal question jurisdiction cannot
14 be based on a defense.  If defendant does not demonstrate federal subject matter
15 jurisdiction, this case will be remanded back to Monterey County Superior Court.

16 For additional guidance, defendant may refer to the Court's Pro Se Handbook,
17 available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or
18 contact the Federal Pro Se Program at the San Jose Courthouse, which provides
19 information and limited-scope legal advice to pro se litigants in civil cases.  The Federal
20 Pro Se Program is available by appointment and on a drop-in basis.  The Federal Pro Se
21 Program is available at Room 2070 in the San Jose United States Courthouse (Monday to
22 Thursday 1:00 – 4:00 pm), or The Law Foundation of Silicon Valley, 152 N. 3rd Street,
23 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm), or by calling (408)
24 297-1480.

25 **IT IS SO ORDERED.**

27 Dated:  July 25, 2016                                            _____
                                                                    NATHANAEL M. COUSINS
28                                                                  United States Magistrate Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUAN ANH PHAM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARGARITA AGUILERA,<br><br>Defendant. | Case No.  16-cv-04060-NC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 25, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Trinh Law
99 North First Street
Suite 200
San Jose, Ca 95113

Margarita Aguilera
166 Jessica Way
San Jose, CA 95121

Dated: July 25, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Lili Harrell, Deputy Clerk to the
Honorable NATHANAEL M. COUSINS

3