UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUAN ANH PHAM, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARGARITA AGUILERA,<br><br>    Defendant. | Case No.16-cv-04060-NC<br><br>**ORDER FOR REASSIGNMENT; RECOMMENDATION TO REMAND TO SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendant Margarita Aguilera filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. On July 25, 2016, this Court ordered defendant to show cause why removal was proper. Dkt. No. 5. Defendant failed to respond. The parties also failed to comply with the Court's order to consent to or decline its jurisdiction. Accordingly, the Court REFERS this case for REASSIGNMENT to a district court judge and RECOMMENDS that the district court REMAND the action to the Superior Court of California for Santa Clara County for lack of subject matter jurisdiction.

On July 19, 2016, defendant Margarita Aguilera filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. The complaint is not attached, but from the notice of removal, it appears that in the underlying complaint, plaintiffs brought a limited action for unlawful detainer, which arises exclusively out of state law. This Court ordered Aguilera to show cause why federal jurisdiction was proper by August 15, 2016. Aguilera did not respond.

Case No. 16-cv-04060 NC

1  Federal courts are courts of limited jurisdiction and are presumptively without

2  jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

3  Removal of a state court action to federal court is appropriate only if the federal court

4  would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a).

5  Federal courts have original jurisdiction over "all civil actions arising under the

6  Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil

7  actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is

8  between citizens of different states." 28 U.S.C. § 1332(a). A federal district court must

9  remand a removed case to state court "[i]f at any time before the final judgment it appears

10  that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

11  The Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1331

12  because it appears that plaintiffs' cause of action in state court arises under state law.

13  Aguilera also has not alleged that there is diversity of citizenship between the parties.

14  Aguilera states that she is challenging the state court's refusal to dismiss the case.

15  However, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense . .

16  . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v.*

17  *Discover Bank*, 556 U.S. 49, 60 (2009).

18  Thus, Aguilera has failed to show federal subject matter jurisdiction over this

19  action. Because no party has consented to the jurisdiction of a magistrate judge under 28

20  U.S.C. § 636(c), this Court does not have authority to make a dispositive ruling in this

21  case.

22  Therefore, this Court REFERS this case for REASSIGNMENT to a district court

23  judge and RECOMMENDS that the suit be REMANDED to the Superior Court of

24  California for Santa Clara County. Any party may object to this order, but must do so

25  within 14 days. Fed. R. Civ. P. 72(b)(2).

26  **IT IS SO ORDERED.**

27  Dated: August 19, 2016   _____

28  NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-04060 NC   2